IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ABDICASIIS CABAASE,

Petitioner,

v.  CRIMINAL ACTION NO. 2:10-cr-57

UNITED STATES OF AMERICA,

Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Abdicasiis Cabaase's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Title 28, United States Code, Section 2255. For reasons set forth below, Petitioner's Motion is **GRANTED IN PART, DENIED IN PART**.

**I. FACTUAL AND PROCEDURAL HISTORY**

This case involves conduct back in February and April 2010. On February 27, 2010, Petitioner and his codefendants decided to try and commit piracy on a Royal Navy vessel from the United Kingdom, the HMS Chatham. ECF No. 140 at 3. On April 10, 2010, the same group attempted to commit piracy again, this time on a United States Navy vessel, the U.S.S. Ashland. *Id.* at 4. This time, the group began firing their AK-47s at the vessel, but the U.S.S. Ashland returned fire. *Id.*

The men were indicted in the Eastern District of Virginia on ten counts: Count One, conspiracy to commit hostage taking; Count Two, conspiracy to commit kidnapping; Count Three, conspiracy to perform an act of violence against a person on a vessel; Count Four, conspiracy involving a firearm and a crime of violence; Count Five, piracy under the law of nations; Count Six, attack to plunder a vessel; Count Seven, assault with a dangerous weapon on federal officers

1

and employees; Count Eight, act of violence against persons on a vessel; and, finally, Counts Nine and Ten, use and possession of a firearm in furtherance of a crime of violence. *Id.* at 2–13. Petitioner went to trial and was found guilty on all counts. ECF No. 208. On May 15, 2014, Petitioner was sentenced to a total of 510 months imprisonment. ECF No. 270.

Petitioner appealed his convictions and the United States appealed the sentences on Count Five—the piracy count. ECF Nos. 287, 304. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the convictions, but reversed the sentences on Count Five, concluding that mandatory life sentences under 18 U.S.C. § 1651 are not disproportionate to the offense in this case and, therefore, do not violate the Eighth Amendment. *United States v. Said*, 798 F.3d 182, 200 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 2448 (2016). Following a remand for resentencing, the Court resentenced Petitioner to Life imprisonment on Count Five and 360 consecutive months on all other counts. Petitioner appealed again, and the Fourth Circuit affirmed. *United States v. Osman*, 705 F. App'x 190 (4th Cir. 2017).

On September 10, 2018, Petitioner filed the instant motion and argues five grounds for relief. ECF No. 455. First, Petitioner challenges both of his convictions under 18 U.S.C. § 924(c)(1)(A). *Id.* at 4. Petitioner also raises four ineffective assistance of counsel claims. *Id.* at 5. On September 18, 2018, the Court ordered the Government to respond. ECF No. 457. The Government filed its Response in Opposition on November 30, 2018. ECF No. 465. Petitioner did not file a reply. On July 17, 2019, the Court held an evidentiary hearing on the four alleged issues of ineffective assistance of counsel. ECF No. 488.

## II. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). However, an individual may raise a procedurally defaulted claim if he/she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [her] actual and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

3

Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See Untied States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493.

### B. Ineffective Assistance of Counsel

A viable ineffective assistance of counsel claim arises when "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove a claim of ineffective assistance of counsel, a petitioner must make two showings.

First, a petitioner must show that counsel's performance was deficient. *Id.* at 687. Counsel's errors must have been so serious that he or she was not actually functioning as "counsel" as guaranteed by the Sixth Amendment. *Id.* In order to demonstrate deficient performance, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688.

"Judicial scrutiny of counsel's performance must be highly deferential," so "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. That presumption is even greater when counsel's decisions represent strategic, tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). A petitioner bears the burden of rebutting this presumption. *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that the deficient performance prejudiced the defense. *Id.* at 687. In other words, counsel's errors must have been so serious that the petitioner was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

4

proceeding would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In short, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

### III. DISCUSSION

#### A. Petitioner's Challenge to Counts Nine and Ten (the § 924(c)(1)(A) Charges)

Petitioner claims his convictions on Counts Nine and Ten rely on 18 U.S.C. § 924(c)(3)(B) and are invalid because the residual clause is unconstitutionally vague. ECF No. 455 at 4.

As an initial matter, the Government argues that Petitioner is procedurally barred from raising this claim because he did not raise it on direct appeal. ECF No. 465 at 15–17. However, Petitioner is not procedurally barred from raising this claim; such an argument was arguably not available on appeal because at that time *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), had not yet been decided. Petitioner's vagueness challenge is based on a new watershed rule that was undecided at the time of appeal and Petitioner's vagueness challenge is not procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 311 (1989). A collateral attack based on new authority that narrows the construction of the statute of conviction is permissible. *Bousley v. United States*, 523 U.S. 614, 621 (1998).

Section 924(c)(1)(A) prohibits the use, carrying, possession, brandishing, or discharge of a firearm in furtherance of a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The United States Supreme Court has held that the "residual clause" is indeed unconstitutionally vague. *Davis*, 139 S. Ct. at 2323–24. Therefore, a conviction under § 924(c)(1)(A) may only be made if the predicate offense is a "crime of violence" as defined under § 924(c)(3)(A). Under this remaining clause, an

offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Petitioner's convictions stem from two separate encounters between the defendant and two warships. ECF No. 140. As alleged in the indictment, the predicate offenses for Count Nine are the Conspiracy to Commit Hostage Taking charge (Count One), the Conspiracy to Commit Kidnapping charge (Count Two), and the Conspiracy to Perform an Act of Violence against Persons on a Vessel charge (Count Three).

Since Count Nine is predicated solely by the conspiracy convictions in Counts One through Three, Petitioner's sentence on Count Nine depends entirely on the residual clause. The Fourth Circuit has held that conspiracy charges cannot be crimes of violence under § 924(c)(3)(A) and would only be cognizable under the now-unconstitutional § 924(c)(3)(B). *Simms*, 914 F.3d at 233–34. As such, Count Nine is therefore based on an unconstitutional statutory provision, and should be vacated.

Conversely, Count Ten depends not only on the conspiracy counts but also Piracy under the Law of Nations (Count Five), Attack to Plunder a Vessel (Count Six), Assault with a Dangerous Weapon on Federal Officers and Employees (Count Seven), and Act of Violence against Persons on a Vessel (Count Eight). One of the elements of Count Seven is that Petitioner "forcibly assault" a federal officer or employee. Federal Jury Practice & Instructions, § 24:03. Count Eight requires that Petitioner committed an "act of violence" on a United States Navy vessel. 18 U.S.C. § 2291(a)(6). Because both Count Seven and Count Eight undoubtedly qualify as crimes of violence under § 924(c)(3)(A), Petitioner's claim fails as to Count Ten.

## B. Petitioner's Ineffective Assistance of Counsel Claims

Petitioner raises four grounds in which he believes he was provided ineffective assistance of counsel. ECF No. 455 at 5. Petitioner argues his counsel should have challenged Counts One and Two as insufficient because the counts are "stand alone conspiracy offenses with no related substantive crimes involved." *Id.* Petitioner also claims his counsel was ineffective because his attorney told Petitioner he could not plead guilty to only some of the offenses. *Id.* Further, Petitioner claims his counsel did not obtain any discovery or explain the Government's evidence to him. *Id.* Finally, Petitioner claims his attorney should have challenged indictment Counts Nine and Ten because the indictment did not "adequately [link] the § 924(c) charges to only one predicate offense." *Id.* The Court will take each in turn.

### 1. Failure to Challenge Stand-Alone Conspiracy Offenses (Counts One and Two)

Petitioner argues that his lawyer was ineffective by not challenging Counts One and Two for "insufficiency" and "lack of jurisdiction" because Counts One and Two charged "stand-alone conspiracy offenses with no related substantive crimes attached." *Id.* However, convictions for the conspiracies in Counts One and Two do not require conviction of an underlying substantive offense. *See* 18 U.S.C. §§ 371, 1201(c), 1203(a). Unless otherwise indicated by statute, no predicate or "substantive" conviction is necessary to establish a criminal conspiracy; a criminal agreement and an overt act in furtherance of the common goal proves the existence of a conspiracy, regardless of whether the plan is ever brought to fruition. *See Ocasio v. United States*, 136 S. Ct. 1423, 1429–30 (2016). Here, the indictment charges Petitioner with knowingly joining an agreement to commit hostage taking or kidnapping and also lists numerous overt acts in furtherance of the shared criminal endeavors. ECF No. 140 at 2–5. Therefore, counsel had no reason to challenge the conspiracy charges in Counts One and Two.

7

## 2. Failure to Communicate Full Information of Plea Agreements

Petitioner claims he asked his trial counsel, Bruce Sams ("Mr. Sams") if he could plea guilty to some charges and go to trial on others. ECF No. 455 at 5. According to Petitioner, Mr. Sams told Petitioner that he would have to plead to all the charges or none at all. *Id.* In an affidavit, Mr. Sams denied these allegations. ECF 465-1 at 1. Given the disputed evidence, on July 17, 2019, the Court held a hearing on the matter. ECF No. 488.

At the hearing, Mr. Sams stated that he did in fact discuss plea agreements with Petitioner, but that Petitioner refused to plead. Evid. Hr'g Tr. at 7:16–8:1. According to Mr. Sams, Petitioner never asked if he could plead to some charges and not others. Instead, Petitioner maintained he was completely innocent on all counts. *Id.* at 8:8–12. In fact, the original plea offer from the Government, which Mr. Sams provided to Petitioner, proposed dropping several counts, including at least one of the § 924(c)(1)(A) charges. *Id.* at 8:16–23.

Mr. Sams did note that there were some possible issues related to the interpreter. *Id.* at 12:1–13:6. As a Somalian, Petitioner did not speak English, and an interpreter was required for all communications between him and Mr. Sams.[1] *Id.* at 12:1–11. Mr. Sams reflected that the interpreters sometimes had different dialects, which may have hindered effective communication between him and Petitioner. *Id.* at 15:1–17. Mr. Sams also stated he never provided Petitioner with a copy of the plea agreement, either in English or a translated copy. *Id.* at 17:8–19:10, 24:24–26:6.

The Court finds that Mr. Sams performance with respect to the plea discussions did not fall below the standard of performance in *Strickland*. Mr. Sams negotiated plea agreements with the

---

[1] Relatedly, at the hearing, Petitioner stated that he could not speak English, even now. Evid. Hr'g Tr. at 27:21–28:2. The Court notes that the Motion is written in clear, understandable English. *See generally* ECF No. 455. Apparently, Petitioner enlisted the aid of two English-speaking individuals at the facility where he was detained at the time to help him prepare the instant Motion. Evid. Hr'g Tr. at 30:4–23, 33:6–35:1. The Court does not believe that this affects the validity of the instant Motion but does find it troubling that Petitioner failed to disclose any of this information prior to the evidentiary hearing.

8

Government, including one that actually allowed Petitioner to avoid conviction on some of the counts. He communicated this to Petitioner, but it was Petitioner's belief in his innocence that prevented any further progression in the plea discussions. While Petitioner may have had some issues with the dialects of various interpreters, a federally certified translator was present. In fact, at the evidentiary hearing on July 17, 2019, Petitioner effectively communicated with the help of one of the interpreters who was present during his trial. *See* Evid. Hr'g Tr. at 18:3–4; *see generally id.* at 27:14–35:7 (Petitioner's own testimony as aided by the interpreter). It is the Court's view that Mr. Sams effectively communicated and conferred with Petitioner on the plea offers, and it was Petitioner's own belief in his innocence that hindered these discussions.

*3. Failure to Obtain and Discuss* Brady *Material and Additional Discovery*

According to Petitioner, Mr. Sams never received any discovery or did not review any discovery with him. ECF 455 at 5. Again, Mr. Sams adamantly denied this allegation. ECF 465-1 at 1–2. The Court addressed this matter at the July 17, 2019 hearing as well. ECF No. 488.

At the hearing, Mr. Sams noted that he received voluminous amounts of discovery and that he reviewed it with Petitioner; Petitioner's current counsel did not further explore this matter. Evid. Hr'g Tr. at 6:1–21. However, there was some time spent on whether Petitioner understood his right to testify in his own defense. *Id.* at 10:24–11:23, 19:11–23:14. Mr. Sams stated that he discussed the idea of Petitioner testifying, but Petitioner decided against it after understanding that the Government would also have the right to cross-examine him. *Id.* at 10:24–11:23. Petitioner stated that Mr. Sams only told him that if he testified he would have to testify against his co-defendants. *Id.* at 29:11–24. However, the Court also had explained to Petitioner that he had the right to testify. ECF No. 333 at 415:16–416:3. Based on the statements given at the evidentiary

hearing and the entire record, the Court finds that Mr. Sams was not deficient in his performance with respect to the discovery in the case.

   *4. Failure to Challenge Adequate Linking of § 924(c)(1)(A) Charges to Predicate Offenses (Counts Nine and Ten)*

Petitioner finally claims his counsel was deficient because his attorney did not challenge the indictment on Counts Nine and Ten for failing to "adequately lin[k] the § 924(c) charges to only one predicate offense." ECF 455 at 5. This assertion is also entirely unfounded. Again, counsel's actions are judged in light of the law at the time the attorney acted, and counsel is not required to argue novel applications or extensions of the law. *See United States v. Mason*, 774 F.3d 824, 830 (4th Cir. 2014); *see also Lewis v. Wheeler*, 609 F.3d 291, 310 (4th Cir. 2010). As stated above, Count Ten was clearly linked to crimes of violence in Counts Five through Eight and Count Nine was linked to Counts One through Three. ECF No. 140. There is no requirement, that the indictment link § 924(c) charges to only one predicate offense. *See United States v. Khan*, 461 F.3d 477, 494 (4th Cir. 2006). Therefore, Petitioner cannot show that his counsel was ineffective for failing to challenge Counts Nine and Ten on this linkage theory.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's Motion is **GRANTED IN PART, DENIED IN PART**. The Motion is **GRANTED** insofar as Count Nine is based upon an unconstitutional statutory provision. It is **DENIED** on all other grounds. Count Nine is **VACATED**, and the judgment against Petitioner will be amended to reflect this. Petitioner is not entitled to a resentencing since Count Five, the piracy charge, remains unchallenged and require a Life sentence.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); Fed. R. App. P.

22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims that the Court has denied are based on incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 14, 2019

/s/
Raymond A. Jackson
United States District Judge