

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ABDICASIIS CABAASE,

    Petitioner,

v.                                                        CRIMINAL ACTION NO. 2:10cr57

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Abdicasiis Cabaase's ("Petitioner") Motion for Compassionate Release. ECF Nos. 551, 568. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 10, 2010, Petitioner and several codefendants attempted to commit piracy against a United States Navy vessel, the U.S.S. Ashland. ECF No. 140 at 4. In furtherance of their unlawful conduct, the group opened fire against the vessel with an AK-47, but the U.S.S. Ashland returned fire, killing one member of the group. *Id.*

Soon after, Petitioner and his co-defendants were indicted in the Eastern District of Virginia on ten counts: Count One, conspiracy to commit hostage taking; Count Two, conspiracy to commit kidnapping; Count Three, conspiracy to perform an act of violence against a person on a vessel; Count Four, conspiracy involving a firearm and a crime of violence; Count Five, piracy under the law of nations; Count Six, attack to plunder a vessel; Count Seven, assault with a dangerous weapon on federal officers and employees; Count Eight, act of violence against persons on a vessel; and, finally, Counts Nine and Ten, use and possession of a firearm in furtherance of a

crime of violence. *Id.* at 2–13. Petitioner and his co-defendants went to trial and were found guilty on all counts. ECF No. 208. On May 15, 2014, Petitioner was sentenced to a total of 510 months imprisonment. ECF No. 270.

Petitioner and his co-defendants then appealed their convictions and the United States appealed their sentences on Count Five—the piracy count.[1] ECF Nos. 287, 304. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the convictions, but reversed the sentences on Count Five, concluding that mandatory life sentences under 18 U.S.C. § 1651 are not disproportionate to the offense in this case and, therefore, do not violate the Eighth Amendment. *United States v. Said*, 798 F.3d 182, 200 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 2448 (2016). Following a remand for resentencing, the Court resentenced Petitioner to Life imprisonment on Count Five and 360 consecutive months on all other counts. Petitioner appealed again, but the Fourth Circuit affirmed.[2] *United States v. Osman*, 705 F. App'x 190 (4th Cir. 2017) *cert. denied*, 138 S. Ct. 1573 (2018).

On January 29, 2021, Petitioner filed a *pro se* Motion for Compassionate Release based upon the ongoing COVID-19 pandemic. ECF No. 551. The Court then ordered appropriate responses on February 2, 2021. ECF No. 553. Petitioner, through counsel, supplemented his Motion on March 10, 2021. ECF No. 568. The Government responded in opposition on April 20, 2021. ECF No. 590. Petitioner filed a reply on May 3, 2021. ECF No. 612. Petitioner later supplemented his reply with a form letter from the Federal Bureau of Prisons ("BOP") denying Petitioner's requested relief. Accordingly, this matter is ripe for disposition.

---

[1] Petitioner appealed his initial conviction alongside four co-defendants—Mohamed Ali Said, Mohamed Abdi Jama, Abdi Razaq Abshir Osman, and Mohamed Farah
[2] Petitioner appealed this subsequent conviction alongside three co-defendants—Abdi Razaq Abshir Osman, Mohamed Abdi Jama, and Mohamed Farah.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment upon a motion from the petitioner and after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" were previously described by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances. U.S.S.G. §1B1.13, n. 1 (A)–(C). Additionally, the Sentencing Commission further defined the limits under which a sentence reduction may be given under those justifications. *Id.* The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in

3

combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 981 F.3d 271 (4th Cir. 2020).

Additionally, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Issue

On April 2, 2021, Petitioner submitted a sentence modification request pursuant to the First Step Act to the Warden of his correctional facility. ECF No. 615-1. A BOP staff member denied Petitioner's request that same day. *Id.* While Petitioner may not have submitted the request in accordance with § 3582(c)(1)(A) since he filed such request after filing the present motion with the Court, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020). Accordingly, even if Petitioner's request did not meet the standard for a § 3582(c)(1)(A) request for compassionate release, this requirement is hereby waived.

**B. Resolution of Petitioner's Request for Compassionate Release**

Petitioner requests that this Court "order his immediate compassionate release or, in the alternative, modify his sentence on count five to a term of imprisonment of 150 months and his sentence on count ten to a term of imprisonment of 120 months." ECF No. 568. As a preliminary matter, count five (the piracy count) carries with it a mandatory term of Life imprisonment. *See Said*, 798 F.3d at 200. This Court previously imposed a sentence of 150 months on count five after invalidating the mandatory life imprisonment term on Eighth Amendment grounds. *See* ECF Nos. 260, 390. Subsequently, the Fourth Circuit reversed the Court, holding that Petitioner's circumstances "fail[ed] to create the threshold inference of gross disproportionality that is required to satisfy prong one of the Eighth Amendment analysis." *Said*, 798 F.3d at 200. Since the Fourth Circuit's reversal in *United States v. Said*, there have been no intervening changes in either case law or statute to specifically warrant a reduction to Petitioner's piracy count. Moreover, because the piracy count requires Life imprisonment, the Court has previously declined to conduct a resentencing assessment under count ten (the § 924(c) "stacking" charge) as any resentencing assessment on this count will have no impact on the duration of Petitioner's imprisonment. *See* ECF No. 493 at 10. Since the teeth of count five remain intact, here, the Court also declines to conduct a resentencing assessment for count ten. Accordingly, the Court will analyze Petitioner's 18 U.S.C. § 3553(a) factors and whether Petitioner presents an extraordinary and compelling reason for release as is standard in similar § 3582 motions.

1. *Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner's offense conduct involved life-threatening unlawful activity. Petitioner and his co-defendants used an assault rifle to shoot at a U.S. warship in an attempt to commit piracy. While

no one onboard the U.S. naval vessel was injured, Petitioner's conduct led to a retaliatory strike, resulting in the death of one of Petitioner's crew members. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense…and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B).

To date, Petitioner has served approximately eleven years of his Life sentence. The Court recognizes that Petitioner has but one disciplinary infraction on his record, has made strides to learn English despite being a citizen of Somalia, and maintains community support from his family back in Somalia. ECF Nos. 568, 612. Moreover, the Court has previously indicated, and still believes, that a term of Life imprisonment is more than what is necessary to sufficiently punish Petitioner for his conduct. However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence, as required by Congress, remain unfulfilled.

2. *Evaluation of "Extraordinary and Compelling Reason"*

Petitioner specifically requests relief from his sentence based upon the COVID-19 pandemic. ECF Nos. 551, 568. In evaluating whether an "extraordinary and compelling reason" for release has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). In this case, Petitioner is incarcerated at USP Canaan which currently houses approximately 1,227 inmates. *See USP CANAAN*, Federal Bureau of Prisons, *https://www.bop.gov/locations/institutions/caa/*. At this time, USP Canaan oversees 293 inmates who were previously diagnosed with COVID-19. *See COVID19 Inmate Test Information*, BOP, https://www.bop.gov/coronavirus/. As the BOP continues to distribute its allotment of COVID-19 vaccines, USP Canaan has fully vaccinated 850 of its inmates, including Petitioner. *COVID-19*

*Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/; ECF No. 607 at 2. Moreover, USP Canaan has no positive inmate COVID-19 diagnoses at this time. *COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/.

Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020). Here, Petitioner only proffers his latent tuberculosis infection (LTBI) as an underlying condition that may exacerbate a potential COVID-19 infection. ECF No. 568 at 3. The CDC does not, however, indicate that having LTBI can worsen an individual's COVID-19 symptoms should they contract the disease.[3] Accordingly, the Court is unable to conclude that Petitioner presents an extraordinary and compelling reason to warrant release from prison.

Furthermore, the Court has examined Petitioner's medical records and notes that Petitioner has been fully vaccinated. ECF No. 607 at 2. The CDC advises that upon vaccination, "[y]ou can resume activities that you did prior to the pandemic" and "[y]ou can resume activities without wearing a mask or staying 6 feet apart."[4] Additionally, "COVID-19 vaccines are effective at preventing COVID-19 disease, especially severe illness and death." *Id.* With this information from the CDC and knowing that Petitioner is fully vaccinated and in an environment in which many of the inmates within his facility are also vaccinated (and continue to be vaccinated), the Court cannot conclude that Petitioner's circumstances are so extraordinary as to warrant release from incarceration.

---

[3] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

[4] *When You've Been Fully Vaccinated*, CENTERS FOR DISEASE CONTROL AND PREVENTION (May 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html.

While the world continues to grapple with the pandemic, it is imperative to acknowledge that many persons who are incarcerated suffer from a variety of ailments that may make them susceptible to severe illness from a COVID-19 diagnosis. With the added protection of a COVID-19 vaccine, vaccinated inmates with various comorbidities are now better positioned against a COVID-19 diagnosis than the inmates who were released prior to widespread accessibility to a COVID-19 vaccine. As the Court continues to exercise its discretion in releasing the most vulnerable inmates in light of the pandemic, the Court declines to release inmates who lack a significant showing of potential fatality from a COVID-19 diagnosis, especially those that are fully vaccinated. After considering the § 3553(a) factors and based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief. Accordingly, the purposes of Petitioner's original sentence remain unfulfilled.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 8, 2021

/s/
Raymond A. Jackson
United States District Judge